1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT FOR THE

9

EASTERN DISTRICT OF CALIFORNIA

10
11

BRUCE PATRICK HANEY,                           1:10-cv-01841-LJO-SMS PC

12

      Plaintiff,                              ORDER DENYING MOTION FOR
                                                          APPOINTMENT OF COUNSEL

13

vs.
                                                          (ECF No. 15)

14

R. AGUIRRE, et al.,

15

      Defendants.                          ORDER GRANTING PLAINTIFF'S MOTION
                                                          TO PROCEED IN OPEN COURT

16

_____/            (ECF No. 12)

17
18

      On November 24, 2010, Plaintiff a motion to proceed in open court requesting that this

19

matter be reviewed and ruled on as soon as possible.  On March 16, 2011, Plaintiff filed a motion

20

seeking the appointment of counsel.

21

      The Court construes Plaintiff's motion to proceed in open court as a motion to have his

22

complaint screened.  The Court is required to screen complaints brought by prisoners seeking

23

relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

24

1915A(a).  The Court screens complaints in the order in which they are filed and strives to avoid

25

delays whenever possible.  However, there are hundreds of prisoner civil rights cases presently

26

pending before the Court, and delays are inevitable despite the Court's best efforts.  Due to the

27

heavy caseload, Plaintiff's complaint is still awaiting screening.  The Court is aware of the

28

pendency of this case and will screen Plaintiff's complaint in due course.

-1-

1    Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

2 Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to

3 represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).   Mallard v. United States District Court

4 for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989).  However, in

5 certain exceptional circumstances the Court may request the voluntary assistance of counsel

6 pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

7    Without a reasonable method of securing and compensating counsel, the Court will seek

8 volunteer counsel only in the most serious and exceptional cases.  In determining whether

9 "exceptional circumstances exist, the district court  must evaluate both the likelihood of success

10 of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

11 complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

12    In the present case, the Court does not find the required exceptional circumstances.  Even

13 if it is assumed that Plaintiff is not well versed in the law and that he has made serious

14 allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is

15 faced with similar cases almost daily.  Further, at this early stage in the proceedings, the Court

16 cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a

17 review of the record in this case, the Court does not find that Plaintiff cannot adequately

18 articulate his claims.  Id.

19    For the foregoing reasons, it is HEREBY ORDERED that:

20    1.    Plaintiff's motion to proceed in open court is GRANTED and the complaint will

21        be screened in due time; and

22    2.    Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without

23        prejudice.

24    IT IS SO ORDERED.

25 **Dated:    March 25, 2011    **        _____/s/ Sandra M. Snyder_____
                                          UNITED STATES MAGISTRATE JUDGE
26

27

28